IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

            Plaintiff,                        ORDER

      v.                                   08-cr-103-bbc-01

MATTHEW YANCEY,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Matthew Yancey's supervised release was held on April 12, 2012, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Rita M. Rumbelow. Defendant was present in person and by Associate Federal Defender Erika L. Bierma. Also present was Senior U.S. Probation Officer Helen Healy Raatz.

From the record and the parties' stipulation, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on January 7, 2009, following his conviction for unlawful possession of a firearm and ammunition by a marijuana user, in violation of 18 U.S.C. § 922(g)(3). This offense is a Class C felony. Defendant was

committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 21 months, with a 36-month term of supervised release to follow.

On July 16, 2010, defendant began his initial term of supervised release. That term was revoked on October 7, 2010, after he committed a series of violations of his supervised release, including new criminal activity, use of illegal drugs, failure to report to the probation office, failure to submit monthly report forms and failure to complete a residential reentry center program. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 11 months, with a 24-month term of supervised release to follow.

On August 24, 2011, defendant began his second term of supervised release. On September 22, 2011, he violated a mandatory condition prohibiting him from committing another federal, state, or local crime when he committed a home burglary while armed with a dangerous weapon, which is a Class E felony under Wisconsin law. On March 22, 2012, defendant entered a no contest plea to this charge in Dane County case no. 2011CF22090. Sentencing is scheduled for May 11, 2012.

Defendant's most serious conduct falls into the category of a Grade A violation. Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervision upon a finding of a Grade A violation.

CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 24-month term of supervised release imposed on defendant on October 7, 2010, will be revoked.

Defendant's criminal history category is III. With a Grade A violation, he has an advisory guideline term of imprisonment range of 18 to 24 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range. The purpose of this sentence is to hold defendant accountable for his violations and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on October 7, 2010, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 24 months. The term is to run consecutively to the term of imprisonment that defendant is serving in the custody of the State of Wisconsin for probation revocation. No term of supervised release shall follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 12th day of April 2012.

BY THE COURT:

/s/
Barbara B. Crabb
District Judge